## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LEE T. STAROPOLI, | |
| Plaintiff, | |
| v. | Civil Action No. 09-1766 (BAH) |
| PATRICK R. DONAHOE,<br>Postmaster General,<br>U.S. Postal Service | |
| Defendant. | |

## MEMORANDUM OPINION

In this case, a former postal inspector brings suit against the U.S. Postal Service for alleged gender discrimination and retaliation. The defendant has moved to dismiss or, in the alternative, for summary judgment on the grounds that the plaintiff's suit is barred because she failed to exhaust administrative remedies. For the reasons explained below, the defendant's motion is denied.

## I.      BACKGROUND

Plaintiff Lee Staropoli, who is female, formerly worked as a postal inspector, a law enforcement position within the U.S. Postal Service (the "Agency" or "USPS"). Complaint, ECF No. 1. In 1997, the Postal Inspection Service adopted a new pay scale requiring postal inspectors to work 50 hours per week. Compl. ¶ 9. According to Plaintiff Staropoli, the 50-hour requirement had a discriminatory disparate impact on female postal inspectors generally and "became burdensome and untenable" to her personally given her "family and childcare responsibilities and obligations." *Id.* ¶¶ 11-13. In 1999, the plaintiff wrote and circulated a proposal criticizing the new pay policy and suggesting alternative recommendations. *Id.* ¶¶ 14-19. The Agency declined to adopt the plaintiff's proposals. *Id.* ¶ 19. In February 2001, the

plaintiff contacted the Agency's Equal Employment Opportunity ("EEO") office to file a complaint about the pay policy and, later that month, requested part-time employment, despite the 50-hour requirement. *Id.* ¶¶ 22-23.

In late April 2001, the plaintiff advised her supervisor that she could no longer work a 50-hour week, and in May 2001, she repeated her request for part-time employment and also requested a leave of absence because her previous request for part-time employment had not been granted. *Id.* ¶¶ 24-26. The Agency denied the plaintiff's requests for permission to work part-time or to take a leave of absence. *Id.* ¶ 27. Having failed to convince the Agency to modify its 50-hour requirement, the plaintiff simply stopped reporting to work at all in July 2001. *Id.* ¶ 28. Her supervisors informed her that she was absent without leave and ultimately terminated her as of December 3, 2001. *Id.* ¶¶ 35, 41.

The plaintiff claims that her termination following the adoption of the 50-hour rule constituted disparate treatment and disparate impact discrimination on the basis of sex as well as retaliation for her filing of an EEO complaint. *Id.* ¶¶ 46-69. As a result, the plaintiff claims that she suffered various injuries, including loss of salary, awards, benefits, and professional status, as well as "great emotional distress, including, but not limited to, insomnia, weight gain, Major Depressive Disorder, chronic fatigue, a miscarriage, and Generalized Anxiety Disorder." *Id.* ¶¶ 54, 61, 69. She seeks lost wages, compensatory damages, and injunctive and declaratory relief for the defendant's alleged violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq. Id.* ¶ 1, "Relief Sought."

The defendant, the United States Postmaster General in his official capacity as head of the United States Postal Service, has moved to dismiss the complaint, or, in the alternative, for summary judgment. The defendant's sole argument on this motion is that the plaintiff's lawsuit

is foreclosed for failure to exhaust administrative remedies properly, which is a procedural requirement for bringing a Title VII suit. Accordingly, a brief review of the administrative process in this case is necessary.

The plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") on October 17, 2005.[1] Defs.' Statement of Material Facts as to Which There is No Genuine Dispute ("SMF") ¶ 1. A hearing on this complaint was held before an EEOC Administrative Law Judge ("ALJ") on June 6, 2007. SMF ¶ 2. On the same day as the hearing, the ALJ issued a bench decision dismissing the case on the merits. *Id.* ¶ 3. The plaintiff appealed the ALJ's decision to the EEOC's Office of Federal Operations ("OFO") on August 4, 2008, more than a year after the ALJ's decision. *Id.* ¶ 4. Her appeal was dismissed as untimely by a ruling issued on December 3, 2008. *Id.* On December 22, 2008, the plaintiff moved for reconsideration of the denial of her appeal, and the OFO again denied the appeal on reconsideration on June 19, 2009. *Id.* ¶ 5. The plaintiff then brought this civil action on September 17, 2009. *Id.* ¶ 6. The defendant filed his motion to dismiss or, in the alternative, for summary judgment on May 13, 2010, and the parties completed the initial briefing on that motion on August 8, 2010.[2]

On May 2, 2011, the Court directed the parties "to file supplemental briefing and any relevant factual materials addressing the prejudice, if any, suffered by the defendant due to the allegedly untimely delay in the plaintiff's administrative appeal." Minute Order dated May 2, 2011. The defendant responded to the Court's order on May 9, 2011, but did not identify any prejudice that resulted from the delay in the plaintiff's appeal. The plaintiff also filed supplemental briefing in response to the Court's order on May 23, 2011.

---

[1] The plaintiff filed two prior administrative complaints in connection with the same general dispute over the USPS pay scale and work hour requirements. These complaints are not at issue here. *See* Def.'s Mem. at 6-7.
[2] The case was reassigned to the undersigned on January 20, 2011.

The defendant's motion, which is now before the Court, hinges on whether the plaintiff validly exhausted administrative remedies given her allegedly untimely administrative appeal.

## II.     DISCUSSION

### A.  Standards of Review and Regulatory Framework

#### 1.  Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

#### 2.  Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" based upon the pleadings, depositions, and affidavits and other factual materials in the record. Fed. R. Civ. P. 56(a), (c); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court must view all inferences in a light most favorable to the non-moving party. *Tao*, 27 F.3d at 638 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 255 (1986)). The burden is on the moving

party to demonstrate that there is an "absence of a genuine issue of material fact" in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is ordinarily appropriate only after the plaintiff has been given an adequate opportunity to conduct discovery. *McWay v. LaHood*, 269 F.R.D. 35, 39 (D.D.C. 2010) (citing *Americable Int'l, Inc. v. Dep't of Navy,* 129 F.3d 1271, 1274 (D.C. Cir. 1997)).

### 3. EEOC Administrative Review Procedures

The EEOC is responsible for investigating and adjudicating formal complaints of discrimination from federal employees. When an EEOC administrative judge holds a hearing and issues a decision on an employee's complaint, the agency of the federal government that employed the claimant is supposed to issue a final order on the complaint within 40 days. 29 C.F.R. § 1614.110(a). If the agency does not issue a final order within 40 days, then the decision of the administrative judge becomes the final action of the agency by operation of law. 29 C.F.R. § 1614.109(i). A claimant may appeal a final agency action "within 30 days of receipt of the dismissal, final action or decision." 29 C.F.R. § 1614.402(a). This 30-day appeals period applies regardless of whether the final agency action is in the form of a final agency order issued pursuant to 29 C.F.R. § 1614.110 or in the form of an administrative judge's decision that becomes a final agency action by operation of law pursuant to 29 C.F.R. § 1614.109(i). In cases where an administrative judge's decision becomes the final agency action, the 30-day appeals period ordinarily starts to run following the end of the 40-day period in which the agency could have issued its final order. *See* 29 C.F.R. § 1614.402; *Wiley v. Johnson*, 436 F. Supp. 2d 91, 97 (D.D.C. 2006) (finding that conversion of administrative judge's decision into final agency action pursuant to 29 C.F.R. § 1614.109(i) triggered the running of the statute of limitations period); *Melson v. Salazar*, 377 Fed. Appx. 30, 31 (D.C. Cir. 2010) (per curiam) (affirming

district court's finding that conversion of administrative judge's decision into final agency action triggered the limitations period); *see also* EEOC Management Directive 110, Chapter 9, § II.A.(1)(b)(3) (explaining that "the complainant's 30-day period for filing an appeal of the agency's final order/Administrative Judge's decision begins at the conclusion of the agency's 40-day review period").

Ordinarily, a Title VII plaintiff's claim is time-barred unless the plaintiff "file[s] his administrative appeal with the EEOC within the thirty-day period prescribed by EEOC regulations. . . or file[s] [a] civil action in federal court within ninety days of the receipt of the Final Agency Decision." *Miller v. Rosenker*, 578 F. Supp. 2d 67, 70-71 (D.D.C. 2008). However, "the administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit. Rather, functioning like statutes of limitations, these time limits are subject to equitable tolling, estoppel, and waiver." *Fortune v. Holder*, No. 10-0856, 2011 WL 723111, at *3 (D.D.C. 2011) (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)).

### B. The Parties' Arguments

#### 1. The Timing of the Plaintiff's Administrative Appeal

The thrust of the defendant's motion is that the plaintiff's claim is time-barred because she did not appeal the ALJ's decision in a timely fashion. According to the defendant, the Agency took final action on the plaintiff's administrative complaint on August 5, 2007 – i.e., 40 days after the ALJ's decision of June 26, 2007, when the ALJ's decision became the final Agency action pursuant to 29 C.F.R. § 1614.109(i). According to the defendant, the plaintiff then had 30 days to appeal the Agency action – i.e., until September 4, 2007 – or 90 days to file a civil action in federal court. The plaintiff did not appeal until almost a year later, however, on August 4, 2008, which resulted in the OFO dismissing the plaintiff's appeal as untimely. The

plaintiff contends that, despite the ordinary 30-day time limit for appeals, her appeal must be considered timely because the ALJ's decision did not contain proper notices regarding the relevant time limits, and that equitable tolling is appropriate even if the appeal were considered untimely.

The plaintiff's argument turns on her assertion that the notice provided in the ALJ's decision was insufficient to trigger the relevant limitations period for the time in which she had to file her appeal. The ALJ's notice provided, in relevant part, as follows:

> This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to C.F.R. § 1614.109(b), 109(g) or 109(i). **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. . . .
>
> [. . .]
>
> If the Agency has <u>not</u> issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. . . .

Defs.' Mem., Ex. O, *Staropoli v. USPS*, EEOC No.430-2006-00074x, Agency No. 66-00-001-0206 (June 26, 2007) (hereinafter, "ALJ Decision") (emphases in original).

The plaintiff contends that this notice was deficient because (1) it did not clearly advise the plaintiff that the 30-day appeal period commenced after 40 days if the Agency had not issued its final order by then; (2) it did not advise the plaintiff of the applicable 90-day time limit for filing a civil action; and (3) it did not inform the plaintiff of the name of the proper defendant in a civil suit.

The plaintiff argues that a final agency action must contain these particular notices because 29 C.F.R. § 1614.110(a) states that a final agency order "shall contain notice of the

complainant's right to appeal to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits." While these § 1614.110 notice requirements technically apply to final orders issued by the agency, rather than to ALJ decisions, the Court holds that ALJ decisions that become final agency actions by operation of law also must provide comparable notices in order to trigger the applicable statutes of limitations for appeals and civil lawsuits. It would frustrate the very purpose of the notice regulations to hold that ALJ decisions may automatically trigger the statute of limitations without providing notices equivalent to those required by § 1614.110. *See Moncus v. Johanns*, No. Civ. A. 2:03CV416-W, 2006 WL 163309, at *8 (M.D. Ala. Jan. 20, 2006) ("Construing § 1614.109(i) to start a complainant's appeal clock without notice from the agency or the administrative judge regarding the claimant's right to appeal to the EEOC or file a civil action and the applicable time limits would be contrary to the purpose of the regulation, which clearly contemplates formal notice to the complainant of appeal procedures."); *see also DeTata v. Rollprint Packaging Products Inc.*, 632 F.3d 962, 970 (7th Cir. 2011) (noting generally that for Title VII suits "it makes sense that notice must include an explanation of when the filing clock begins to run" in particular "because the limitations period is so short").[3]

Here, the chief deficiency in the ALJ's notice, as relevant to the plaintiff's appeal, was that the notice did not clearly advise the plaintiff that a 30-day appeals period would commence

---

[3] To the extent that the plaintiff suggests that the agency is required to issue a final order and that no final action can occur following the ALJ's decision alone, the plaintiff is incorrect. Section 1614.109(i) clearly contemplates that an ALJ decision will become the final agency action if the agency does not issue a final order within 40 days of receipt of the ALJ's decision. *See also infra* n.7. The Court therefore does not rely on the plaintiff's assertions that somehow "the Agency led Ms. Staropoli and her representative to believe" that the Agency would eventually issue a final order at some point after the 40-day agency review period had expired. Pl.'s Response to Def.'s Submission to the Court's Order for Supp. Briefing at 3.

at the end of the agency's 40-day review period if the Agency had not issued its final order by that time. Under the EEOC's guidance documents, the notice should have contained this information. *See* EEOC Management Directive 110, Chapter 9, § II(a)(1)(b) ("[T]he Administrative Judge should inform the complainant . . . [that] the complainant's 30-day period for filing an appeal of the agency's final order/Administrative Judge's decision begins at the conclusion of the agency's 40-day review period." EEOC, MD-110, Chap. 9, § II(a)(1)(b)(3) (Nov. 9, 1999). Based on the ALJ's deficient notice, the plaintiff incorrectly believed that there was no hard deadline for filing an appeal if the agency did not issue a final order within 40 days. *See* Pl.'s Mem. at 14-18.

The defendant contends that the ALJ's notice, including its reference to 29 C.F.R. § 1614. 109(i), should have been adequate to provide the plaintiff with notice of the correct limitations period, especially since the plaintiff was represented by counsel. *See* Def.'s Reply at 4-8. There are two problems with this argument. First, the ALJ's decision did not contain adequate notice of the time limits for appeal, as discussed above, and the D.C. Circuit has held that the obligation to provide valid notice applies equally to *pro se* plaintiffs and those represented by counsel. *See Wilson v. Pena*, 79 F.3d 154, 163-64 (D.C. Cir. 1996) ("The fact that many Title VII complainants act *pro se* is a valid reason for requiring notice of the limitation in *all* notices of final agency action since one can never determine in advance whether an employee may thereafter proceed *pro se*.") (quotation omitted). Second, the plaintiff's counsel here relied on an EEOC "Frequently Asked Questions" ("FAQ") document that states: "From the time you receive the Agency's final order, you will have thirty (30) days to file an appeal. If the Agency fails to issue a final order, you have the right to file your own appeal at any time after the conclusion of the Agency's 40-day period for issuing a final order." *See* Pl.'s Mem. at 18

(citing "Frequently Asked Questions About the Federal Sector Hearing Process," Sample Form 6, "Notice to Parties," available at http://www.eeoc.gov/federal/fed_employees/ faq_hearing.cfm#Form6).[4] The plaintiff understood this FAQ to mean that her appeal could be filed "at any time" with no hard deadline, and the Court agrees that this reading of the FAQ is a reasonable one. The defendant responds tersely that it is "unclear" why the plaintiff and her counsel consulted the FAQ instead of relying directly on the regulations, Def.'s Reply at 10 n.10, but the fact that the plaintiff could have consulted the regulations does not excuse the EEOC and the agency from the obligation to provide notice, especially where the EEOC has published a potentially misleading FAQ regarding the time limit.

The defendant also implies that the plaintiff's former lawyer knew of the 30-day time limit and deliberately flouted it in a "calculated, strategic decision to play a waiting game." Def.'s Reply at 17-18. To make this point, the defendant relies on an excerpt from a letter attached to the plaintiff's administrative request for reconsideration in which the plaintiff's former counsel explained that the timing of the plaintiff's appeal reflected a strategic decision to wait for an EEOC decision on another complaint before appealing. *See id.* When this excerpt from the lawyer's letter is taken in its full context, however, its clear meaning is not that the lawyer was aware of the 30-day time limit, but rather that he believed he could file an appeal "at any time" and thus decided to file at what he deemed to be the most strategically advantageous opportunity. *See* Def.'s Mem., Ex. P., Letter from Mitchell Kastner to Carlton Hadden, Director, Office of Federal Operations (Dec. 22, 2008). The plaintiff's former lawyer's letter attempted to explain that the timing of the appeal was strategic under the time limits as he understood them and did not therefore reflect any lack of diligence. *Id.* Indeed, it would be highly unlikely for the plaintiff's counsel to admit he purposefully disregarded applicable statutes of limitations in a

---

[4] This FAQ language remained in effect on the EEOC website as of May 23, 2011.

letter to the EEOC.  The Court finds that the defendant's selective citation of this letter is itself misleading and certainly does not establish that the plaintiff had accurate notice of the time limits.

The plaintiff in this case thus did not have adequate notice of the proper time limit for appealing to the EEOC from the ALJ's decision.  The ALJ's decision also did not provide notice of the time limit for filing a civil action.  The Court must now analyze what consequences flow from the fact that the plaintiff did not receive proper notice of these time limits.

The plaintiff contends that the inadequate notice in the ALJ's decision justifies equitable tolling of the time limits.  It is well settled that the "the administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit. Rather, functioning like statutes of limitations, these time limits are subject to equitable tolling, estoppel, and waiver." *Fortune*, 2011 WL 723111, at *3 (quoting *Bowden*, 106 F.3d at 437). "The court will exercise its 'equitable power to toll the statute of limitations . . . only in extraordinary and carefully circumscribed instances.'" *Id.* (quoting *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988)).  One of the few circumstances in which "courts may properly allow tolling" is "where 'a claimant has received inadequate notice . . . .'" *Mondy*, 845 F.2d at 1057 (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) (per curiam)).  Application of equitable tolling is solely within the Court's discretion.  *Fortune*, 2011 WL 723111, at *3 (citing *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998)).

The lack of adequate notice of the statute of limitations provides a basis for equitable tolling in this case.[5]  *See Bowden*, 106 F.3d at 438 ("[W]e have excused parties who were misled

---

[5] The instant case is distinguishable from *Wiley v. Johnson*, a case relied upon by the defendant, because the plaintiff in that case apparently did not argue that inadequate notice would justify equitable tolling.  *Wiley*, 436 F. Supp. 2d at 96-97.  For the same reason, this case is also distinguishable from *Melson v. Salazar*, 598 F. Supp. 2d 71 (D.D.C.

about the running of a limitations period. . . by inaccurate or ineffective notice from a government agency required to provide notice of the limitations period.").  The plaintiff did not receive proper notice of the time limit for filing an appeal or civil action in the ALJ's decision and, as a result, the plaintiff was confused about the time limits.  *See* Pl.'s Mem. at 16-22.  The language of the EEOC FAQ indicating that the plaintiff could file an appeal "at any time" after the 40-day agency review period further compounded the plaintiff's misunderstanding of the time limits.  In addition, the defendant has not indicated that any prejudice resulted from the plaintiff's delay.[6]  *See Dougherty v. Barry*, 869 F.2d 605, 613 (D.C. Cir. 1989) (indicating that where a party has established a basis for equitable tolling, such as inadequate notice, the lack of prejudice to the opposing party is an equitable factor that is appropriate for consideration in deciding whether to toll the limitations period); *Strong-Fischer v. Peters*, 554 F. Supp. 2d 19, 25 (D.D.C. 2008) (same).  Finally, in light of the inadequate notice provided in the ALJ's decision, the Court does not find that the plaintiff's delay in this case was so lengthy that it indicated a lack of due diligence.  *Battle v. Rubin*, 121 F. Supp. 2d 4, 8 (D.D.C. 2000) (equitable tolling requires a plaintiff to exercise due diligence).  Equitable tolling is thus warranted here.

In some Title VII cases involving inadequate notice of the applicable statutes of limitations, the D.C. Circuit has applied an approach similar to, although arguably distinct from, equitable tolling.  In these cases, the D.C. Circuit has held that a final agency decision issued without notice or with defective notice simply does not trigger the ordinarily applicable statute of limitations period for filing a civil suit under Title VII.  *See Wilson v. Pena*, 79 F.3d 154, 163 (D.C. Cir. 1996) ("[T]he EEOC's failure to apprise [the plaintiff] of the correct limitations period means that the period never began to run."); *Williams v. Hidalgo*, 663 F.2d 183, 188 (D.C. Cir.

_____

2009).  In addition, *Wiley* and *Melson* involved plaintiffs who, unlike the plaintiff here, had voluntarily withdrawn their administrative complaints.

[6] *See* discussion *infra* regarding the parties' submissions on the issue of prejudice.

1980) ("[The plaintiff] never received proper notice, and therefore the thirty-day period has never begun.").[7]

The conclusion that the statute of limitations was not triggered does not mean, however, that the plaintiff then has an unlimited time period in which to appeal, as the plaintiff contends.[8] *See* Pl.'s Mem. at 18. The D.C. Circuit has explained that the plaintiff must still act with reasonable diligence to preserve her rights or her claim may be defeated by the defense of laches. *See Wilson*, 79 F.3d at 163 n.4 ("[E]ven where the notice is defective, [Title VII] complainants still must file suit within a reasonable time or may be defeated by a laches defense."); *Williams*, 663 F.2d at 188 ("When an agency or department has taken final action but has failed to issue a proper notice, we determine that an employee can bring an action in district court within a reasonable time. Of course, when the agency neglects to issue proper notice the right to sue would not continue forever because of the defense of laches.").

The equitable defense of laches applies where there is (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. *See Menominee Indian Tribe of Wisconsin v. United States*, 614 F.3d 519, 531 (D.C. Cir. 2010) (citation omitted). The defendant failed in his initial motion to support his assertion of this defense with any showing of prejudice. Consequently, after briefing had been initially completed in this case, the Court issued an order directing the parties "to file supplemental

---

[7] The Court need not decide whether and precisely how this approach may differ from equitable tolling since both approaches lead to the same outcome here.

[8] The plaintiff argues that because the ALJ's decision did not provide full notice of the plaintiff's appeal rights and the corresponding time limits, the ALJ's decision could not become a final agency action at all, and that, therefore, no final agency action ever occurred in this case. *See* Pl.'s Mem. at 14-15. This position is against the weight of authority and sound reasoning. First, 29 C.F.R. § 1614.109(i) states plainly that "[i]f an agency does not issue a final order within 40 days of receipt of the administrative judge's decision . . . then the decision of the administrative judge shall become the final action of the agency." Second, in similar circumstances, the D.C. Circuit has explained that where the Title VII statute of limitations period never started to run because the plaintiff never received proper notice, that "*does not mean* that the [agency] never took final action." *Williams*, 663 F.2d at 188 (D.C. Cir. 1980) (emphasis added). *But see Laudadio v. Johanns*, 677 F. Supp. 2d 590, 605 n.8 (E.D.N.Y. 2010). Accordingly, the ALJ's decision did become the agency's final action.

briefing and any relevant factual materials addressing the prejudice, if any, suffered by the defendant due to the allegedly untimely delay in the plaintiff's administrative appeal." Minute Order dated May 2, 2011. The defendant responded to the Court's order on May 9, 2011, but did not identify any prejudice that resulted from the delay in the plaintiff's appeal. Instead, the defendant's submission in response to the Court's order argued that the doctrine of laches and the issue of prejudice were inapposite to this case. The defendant is wrong. The defendant's prior briefing in this matter invoked the doctrine of laches, as did the EEOC's decision denying the plaintiff's appeal as untimely. *See* Def.'s Reply at 1 ("The Plaintiff's civil action is untimely, she failed to exhaust her administrative remedies, and her action is barred by laches."); *id.* at 4 ("[T]he Commission found that Plaintiff failed to provide adequate justification for her delay and therefore, the doctrine of laches was applicable."). In addition, where, as here, a party has established an independent basis for equitable tolling, such as inadequate notice, the lack of prejudice to the opposing party is a relevant equitable consideration. Since laches requires a showing that the plaintiff's delay resulted in some prejudice to the defendant, and the defendant has declined to provide any such showing, the application of laches is therefore unwarranted.

### 2. The Timing of the Plaintiff's Civil Action

The defendant has also moved to dismiss the plaintiff's complaint on the grounds that the plaintiff did not timely file an action in this Court. This argument is unfounded as well.

To maintain a Title VII claim in federal court, a federal employee is required to file suit within ninety (90) days of notice of final administrative action. *See McAlister v. Potter*, 733 F. Supp. 2d 134, 143 (D.D.C. 2010) (quoting 42 U.S.C. § 2000e-16(c)) ("'[W]ithin 90 days of receipt of notice of final action taken by a department, agency . . . or by the [EEOC] . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint . . .

may file a civil action.'"); 29 C.F.R. § 1614.407 (civil action must be filed "[w]ithin 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed . . . [or] [w]ithin 90 days of receipt of the [EEOC's] final decision on an appeal.").

In this case, the plaintiff appealed the ALJ's original decision to the EEOC, and, as explained above, the Court will excuse the plaintiff's delay in filing the appeal due to lack of notice. The plaintiff's appeal was denied as untimely on December 3, 2008. Def.'s Mem., Ex. C., *Staropoli v.* Potter, 2008 WL 5479350, EEOC Appeal No. 0120083436 (Dec. 3, 2008). The decision on the appeal apprised the plaintiff of her right to request reconsideration within 30 days or to file a civil action within 90 days. *Id.* The plaintiff then timely moved for reconsideration. Def.'s Mem., Ex. Q, *Staropoli v. Potter*, 2009 WL 1856252, Agency No. 66-000-0102, EEOC Request No. 520090178 (June 19, 2008). The plaintiff's request for reconsideration was denied on June 19, 2009. *Id.* The decision denying reconsideration apprised the plaintiff of her right to file a civil action within 90 days. *Id.* Within 90 days of the denial of the request for reconsideration, the plaintiff filed this action on September 17, 2009.

The defendant argues that the plaintiff's lawsuit is untimely because she did not file a suit within 90 days of December 3, 2008, the date that the OFO first denied her appeal. Def.'s Mem. at 18. Indeed, the defendant argues that the plaintiff waited "a full four months" longer than the 90-day deadline, as calculated from December 3, 2008. *Id.* at 19.

The defendant's argument is misplaced, however, because the plaintiff's timely filing of a request for reconsideration of the December 3, 2008 decision reset the time limit until 90 days after notice of a decision on the request for reconsideration. *See Williams v. Chu*, 641 F. Supp. 2d 31, 40 (D.D.C. 2009) (where complainant has requested reconsideration, a civil suit must be filed within 90 days of denial of reconsideration, not within 90 days of denial of the original

appeal).  Thus, the operative date triggering the 90-day time limit was June 19, 2009, not

December 3, 2008.  Therefore, the plaintiff's civil suit is timely.[9]

### III.    CONCLUSION

For the reasons stated above, the Court finds that the plaintiff did not fail to exhaust

administrative remedies.  Accordingly, the Court denies the defendant's motion to dismiss or, in

the alternative, for summary judgment.


DATED: May 25, 2011                                    /s/ *Beryl A. Howell*

                                                          BERYL A. HOWELL
                                                          United States District Judge

---

[9] To be clear, a plaintiff cannot simply file a late administrative appeal, wait for the EEOC to dismiss the appeal as untimely, and then file a civil action within 90 days of the EEOC's dismissal (or within 90 days of the dismissal of such an untimely appeal on a request for reconsideration).  *See Ford v. Kelso*, Civ. A. No. N-93-1499, 1994 WL 722654, at *3 (D. Md. Jan. 10, 1994).  "Such a result would circumvent the effect of the administrative procedures as designed by Congress and would render meaningless the deadlines established in the regulations."  *Id.* (internal quotation marks omitted).  Here, however, the plaintiff's original appeal should not have been dismissed as untimely because the plaintiff did not receive adequate notice of the time limits.